**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER P. JERNIGAN, | No. 12-15297 |
| Petitioner-Appellant, | D.C. No. 3:08-cv-00104-ECR-WGC |
| v. | |
| RENEE BAKER, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Junior, Senior District Judge, Presiding

Argued and Submitted September 11, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BEISTLINE, Chief District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ralph R. Beistline, Chief United States District Judge for the District of Alaska, sitting by designation.

Petitioner-Appellant Christopher Jernigan appeals the denial of a writ of habeas corpus under 28 U.S.C. § 2254(d)(1), (2). Jernigan claims that the United States District Court for the District of Nevada erred when it agreed with the Nevada Supreme Court in finding that the State's prosecutorial misconduct did not present a substantial and injurious effect or have an influence on the jury's verdict in Jernigan's case.

We review *de novo* a district court's decision to deny a writ of habeas corpus. *Parle v. Runnels*, 505 F.3d 922, 926-27 (9th Cir. 2007). Once a habeas petitioner has shown there to be trial error warranting habeas review, the reviewing court has the responsibility to determine whether the error resulted in actual prejudice. *Mancuso v. Olivarez*, 292 F.3d 939, 949 n. 4 (9th Cir. 2002). Actual prejudice means that "the error had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotation marks omitted).

Although improper, the prosecutor's elicitation of inadmissible character testimony and his comments during closing arguments were not prejudicial errors because the State's case against Jernigan was overwhelming and because the trial court took action to cure such improprieties. Thus, the jury's ability to judge evidence fairly and the jury's verdict were not affected. Consequently, the fairness of

Jernigan's trial was not disrupted under the *Brecht* standard.  Jernigan also argues that the trial court wrongly admitted evidence of his prior bad acts. This argument is virtually identical to his character evidence argument and fails for the same reason.

The decision of the district court is **AFFIRMED.**